To: James B. Krasnoo Esq.
    Attorney at Law
    28 Andover St, Suite 240
    Andover, MA 01810

From: Nicholas Occhiuto, Pro-se
    MSA 0053553
    PO Box 807
    Middleton, MA 01949

Re: <u>USA v Occhiuto</u>
    **Case No. 10-10182-GAO**

FILED
IN CLERKS OFFICE

2012 MAR 26  P 1:48

U.S. DISTRICT COURT
DISTRICT OF MASS.

    Attorney Krasnoo,
    I was shocked by the courts decision on March 15, 2012. Not only was I denied a right to a bail hearing but it was unclear when our next court date is and I'm now concerned about Justice Dein's decisions to both one (1) credit time towards my federal sentence and two (2) be granted a prompt bail hearing once I had become pretrial. Those motions I handed you in court please send them to the district court to have them on the docket file the bail motion according to 18 USC § 3145 (b) to review detention order and please send them to the appellate court if possible to appeal the district court's decision pretrial. Please attach cover letter's stating on your own motion explaining the judges reasoning was incorrect as the feds do hold jurisdiction as I had completed my probation sentence and I was turned over to the custody of the US Marshal's June 13, 2011 and brought to Wyatt then brought to FT. Devens, then brought to Middleton as a federal detainee (my Fed.Reg.No. 92615-038). Also in state court defendants attorney John V. Apruzzese and ADA Cameilo stated in state court defendant is in fact a federal inmate as he was indicted by the federal government in federal court then state court therefore the government stance that defendant has no right to a bail hearing on jurisdictional grounds is clearly erroneous. Again defendants state indictment is a product of the same investigation headed by the FBI that led to both defendants federal and state charges. Please note Chief

Magistrate Judith G. Dein stated that one (1) defendants time would be credited to his sentence despite the fact he was sentenced on his probation matters (defendant was only surrendered because federal agents told defendant's PO he was selling drugs.). Two (2) Justice Dein stated the issue of bail will be addressed once defendant is pretrial. In **US v King, 818 F.2d 112 (1987)** defendant was given prompt bail hearing before he became pretrial from state custody. The Supreme Court in **US v Salerno et al, 107 S.Ct. 2095 (1987)** Anthony Salerno was already sentenced to 100 years when they had the decision to detain without bail which to this day is the landmark decision to detain for dangerousness in regards to pretrial detention without bail. Also in **US v Molinaro, 876 F.2d 1432,1433 (9th Cir. 1989)(detention order reversed where district court failed to construe "first appearance" requirement literally, even though defendant was already in custody on other charges.)** and **US v O'Shaughnessy, 764 F.2d 1035, 1038-39 (5th Cir. 1985)** defendants detention orders were reversed where the provisions of the Bail Reform Act were not strictly followed even though **Molinaro** was sentenced on state matters. " Congress was unwilling to entrust to the magistrates, or the trial courts, or to the appellate bench, the ability on a judges own motion to manipulate the statute so as to 'order the defendant temporarily detained and then to hold the key 'detention' hearing at some much later time.'" **US v Angiulo, 755 F.2d 969,972 (1st Cir. 1985)**.

Attorney Krasnoo it concerns this defendant that you have yet to visit this defendant in order to prepare our defense, when the Judge asked what motions we planned on filing you could not answer because you are not familiar with my case and the motions I wish to file. There are multiple motions I'm putting together to dismiss the indictment and suppress evidence I'd like your help on. Such as motions to dismiss on the grounds of Governmental overreaching and artificially created jurisdiction, selective prosecution and malicious prosecution. The motions to

suppress would be in regards to the wiretaps and testimony of CW-2 and the FBI 302 reports were written to be misleading and not accurate. We should also file an additional discovery motion for informants to support our malicious prosecution claim. The government transcripts Assistant United States Attorney Levitt sent us were not accurate and should be challenged ASAP. Thank you for your prompt response.

Sincerely,

Nicholas Occhiuto, Pro-se
Date: 3/18/12

CC: Paul Lyness, Courtroom Clerk
US District Court
US Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210